UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELLE PEARSON, MARIA
SHELDON, RACHELL GARWOOD,
REBECCA SMITH,
on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
JEREMY HOWARD, SHAWN BREWER,
RUSSELL MARLAN, KENNETH MCKEE,
LLOYD RAPELJE, LIA GULICK,
MARTI KAY SHERRY, DAVID JOHNSON,
KARRI OUSTERHOUT, WAYNE STATE
UNIVERSITY, CARMEN MCINTYRE,
JAMES BLESSMAN, CORIZON HEALTH, INC.
AND JEFFREY BOMBER,

        Defendants.
_____/

Case No. 19-10707
District Judge Victoria A. Roberts

REBECCA SMITH,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
SHAWN BREWER AND CORIZON
HEALTH, INC.,

Case No. 19-10771
District Judge Victoria A. Roberts

1

Defendants.
_____/

**<u>ORDER GRANTING MOTIONS TO DISMISS FILED BY:
(1) CORIZON DEFENDANTS [ECF No. 80];
(2) WSU DEFENDANTS [ECF No. 79];
(3) MDOC DEFENDANTS [ECF No. 86].</u>**

**I.   INTRODUCTION**

Machelle Pearson ("Pearson"), Maria Sheldon ("Sheldon"), Rachell Garwood ("Garwood"), and Rebecca Smith, ("Smith") (collectively "Plaintiffs") challenge the inhumane, dangerous, and unconstitutional conditions endured by female inmates at the Women's Huron Valley Correctional Facility ("WHV"). They are all either current or former inmates there.

Plaintiffs allege that incarcerated women at WHV are regularly denied access to adequate medical and mental health care, hygienic conditions, and movement within WHV. Plaintiffs allege these deprivations led to a widespread exposure to *Sarcoptes scabiei* ("scabies"). Scabies is caused by tiny mites that live in the outer layers of human skin. As mites burrow and lay eggs, the infestation leads to itching and rashes. The rash can appear as small red bumps, welts or scaly lesions that can transform into scales, blisters, bleeding, and open sores caused by scratching.

Plaintiffs say that despite complaints from inmates over many years, Defendants failed to provide adequate access to medical care, training, screening programs, and resources so that women could be properly examined and treated for their scabies symptoms. Plaintiffs' damages include unbearable itching, pain, mental anguish, scarring, and infections. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983.

They say Defendants' conduct poses unreasonable risk of serious harm to their health and safety and violates their rights guaranteed by the United States Constitution.

Corizon and Dr. Bomber ("Corizon Defendants"), Wayne State University ("WSU"), Dr. Blessman ("Blessman"), and Dr. McIntyre ("McIntyre") (collectively, "WSU Defendants"), and the Michigan Department of Corrections ("MDOC") and its employees ("MDOC Employee Defendants") (collectively, "MDOC Defendants") filed Motions to Dismiss. For the reasons stated, the Court **GRANTS** them. Plaintiffs may seek leave to reopen this case to file a second amended complaint within 21 days of entry of this order.

## II.     STANDARD OF REVIEW

3

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible where the facts allow the court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the]

complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

In deciding a motion under Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Id.*

## III. ANALYSIS

### A. Corizon Defendants' Motion to Dismiss [ECF No. 80]

MDOC contracted with Corizon to provide medical services at WHV. Bomber is the medical director at Corizon responsible for overseeing Corizon's health care professionals. These Corizon Defendants challenge the sufficiency of Plaintiffs' allegations pertaining to their *Monell* claim.

A § 1983 action cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *Monell v. Department of Social Services of City*

*of New York*, 436 U.S. 658, 698 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). While *Monell* involved a municipality, its bar to *respondeat superior* liability applies to private corporations, such as Corizon. *See Street v. Corrections Corporation of America*, 102 F.3d 810, 817-18 (6th Cir. 1996).

But, when the acts of a private corporation and its employees represent the government's custom or policy, the municipal or corporate entity can be held liable. *Id.* at 638. The amended complaint here falls short of pleading requirements and fail to state such a claim. It alleges only in conclusory fashion that Corizon had a policy or procedure that resulted in the alleged Eighth Amendment violation. [ECF No. 69. PageID.394]. This is insufficient. *See Wooten v. Spigner*, 2011 WL 5075692, *4 (E.D. Mich. 2011) ("Although plaintiff vaguely alleges that the City is liable because of its policies, practices, and customs, the complaint does not allege any specific policies, practices, or customs which amounted to deliberate indifference to or actually caused the alleged constitutional violations on the part of the individual defendants."); *Center for BioEthical Reform, Inc. v. Napolitano*, 648 F.3d 365, 372–73 (6th Cir. 2011) ("vague and conclusory allegations and arguments" insufficient to support the existence of a policy).

Plaintiffs fail to identify any policy, practice or custom by the Corizon Defendants that amounts to deliberate indifference or unconstitutional conduct. They do not allege specific facts pertaining to these Defendants, or a pattern of similar violations against other inmates. The only mention of Bomber's role is this: "Bomber is responsible for overseeing Corizon's health care professionals working in WHV." [ECF No. 69, PageID.392]. Plaintiffs cite only to the number of suits filed against Corizon, the fact that MDOC had not completed required audits, and the opinion of a local politician. This is insufficient.

"Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2005). In the absence of allegations connecting the denial of medical care to Plaintiffs to a specific policy, practice or custom, the Corizon Defendants are entitled to dismissal of Plaintiffs' § 1983 claim against them.

### B. WSU Defendants' Motion to Dismiss [ECF No. 79]

#### 1. Wayne State University is Entitled to 11th Amendment Immunity

WSU contracted with MDOC to oversee health care for inmates in Michigan state prisons. WSU argues it is entitled to Eleventh Amendment immunity from suit because it is an arm of the state.

WSU is correct. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 849 (6th Cir.1988) (University of Michigan is an arm of the state and entitled to 11th Amendment immunity); *Komanicky v. Teachers Ins. & Annuity Ass'n*, 230 F.3d 1358 (6th Cir. 2000) (unpublished) (WSU's Board of Governors is an arm of the state); *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 775 (6th Cir. 2015) (WSU is an arm of the state entitled to Eleventh Amendment immunity); *Johnson v. Wayne State Univ.*, No. 06–13636, 2006 WL 3446237, at *3 (E.D. Mich. Nov. 27, 2006) (same).

Plaintiffs cannot maintain a § 1983 action against WSU.

#### 2. Plaintiffs fail to Plead Sufficient Facts Against Blessman and McIntyre

Blessman and McIntyre argue that Plaintiffs' amended complaint is deficient because it fails to put them on notice concerning Plaintiffs' claims. Plaintiffs say the amended complaint meets the pleading requirements and alleges McIntyre and Blessman failed to act and provide accurate diagnoses.

8

Blessman is the Assistant Chief Medical Officer for MDOC, and McIntyre is its Chief Medical Officer. Through a contract between WSU and MDOC, these doctors work with Corizon to implement policies, analyze health care data, and identify areas of improvement for MDOC.

In the 60-page amended complaint, Plaintiffs mention Blessman and McIntyre only twice beyond listing them as defendants. Plaintiffs allege that they "provided medical training and oversight at WHV." Plaintiffs fail to give them sufficient notice explaining their personal involvement in Plaintiffs' care, and how they were deliberately indifferent to Plaintiffs' medical needs. The amended complaint does not contain "factual content that allows the court to draw the reasonable inference that the [D]efendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Plaintiffs provide backgrounds on McIntyre and Blessman, they do nothing to explain their alleged unlawful conduct. The Court agrees with Defendants: by lumping all Defendants together, Plaintiffs fail to put anyone on notice of the nature of the claims asserted against them specifically. Defendants "can be held liable only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

### C. MDOC Has 11th Amendment Immunity

Although Plaintiffs allege a plethora of claims that lump MDOC and MDOC Employee Defendants with all other Defendants and accuse them of misconduct, MDOC argues that it has immunity from suit under the Eleventh Amendment. It is correct. *See Brown v. Washington*, No. 19-1308, 2020 WL 1492020, at *2 (6th Cir. Mar. 16, 2020) ("as an arm of the State, the Michigan Department of Corrections is absolutely immune from suit under the Eleventh Amendment); *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001) ("Because the MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity.") (internal citations omitted).

Plaintiffs may not maintain a § 1983 action against MDOC, unless the state waives immunity or Congress expressly abrogates Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101(1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).

The claims against MDOC are dismissed.

**D. MDOC Employee Defendants**

Plaintiffs sue MDOC employees in their individual and official capacities for monetary damages and declaratory and injunctive relief. The MDOC Employee Defendants are: (i) Heidi Washington, MDOC Director; (ii) Jeremy Howard, Acting Warden at WHV; (iii) Shawn Brewer, Assistant Deputy for the Operation of Division of the Correctional Facilities Administration; (iv) Russell Marlan, Deputy Director for Field Operations Administration at MDOC; (v) Kenneth McKee, Deputy Director of the Correctional Facilities Administration; (vi) Lloyd Rapelje, Assistant Deputy Director for the Correctional Facilities Administration; (viii) Lia Gulick, Acting Deputy Director for Budget and Operations; (ix) David Johnson, Deputy Warden at WHV; (x) Karri Ousterhout, Deputy Warden at WHV; and (xi) Marti Kay Sherry, Acting Administrator for the Bureau of Heath Care Services.

### a. Official Capacity Claims For Monetary Damages Are Barred

MDOC Employee Defendants argue that Plaintiffs make an impermissible request for monetary damages under § 1983 against them in their official capacities. Plaintiffs say they do not seek monetary damages under § 1983. To the extent they do, such claims are barred.

A suit against an individual in his official capacity is equivalent to a suit against the governmental entity (i.e. MDOC). *See Will v. Mich. Dep't of State*

11

*Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). And, an official capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

### b. Individual Capacity Claims For Injunctive Relief Are Barred

MDOC Employee Defendants argue that Plaintiffs are not entitled to seek injunctive relief against them in their individual capacities. Plaintiffs say they only seek injunctive relief against the MDOC Employee Defendants in their official capacities.

"Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity." *Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.*, 150 F. App'x 389, 401 (6th Cir. 2005).

Plaintiffs cannot obtain injunctive or declaratory relief from MDOC Employee Defendants in their individual capacities.

### c. The Substantive Due Process Claims against MDOC Defendants are dismissed

The parties stipulated to dismissal of the substantive due process claims against MDOC Defendants.

### d. Sufficiency of Pleadings

MDOC Employee Defendants contend that by only ever referring to them, as "MDOC Defendants," Plaintiffs' amended complaint violates the notice pleading requirement of Fed. R. Civ. P. 8(a)(2) and fails to put them on notice of the nature of the claims against them specifically.

Plaintiffs' failure to allege how any specific MDOC Employee Defendant was personally involved and deliberately indifferent means that the amended complaint does not contain "factual content that allows the court to draw the reasonable inference that the [MDOC D]efendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendants "can be held liable only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

Although one or more of the MDOC Employee Defendants may have violated the Eighth Amendment, Plaintiffs fail to tie any specific MDOC Employee Defendant to any specific failing or shortcoming outlined in the amended complaint. "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot

13

be ascribed to each individual defendant." *Reilly*, 680 F.3d at 626. Such a failing requires dismissal.

## IV. CONCLUSION

The Court **GRANTS** (1) Corizon Defendants' Motion to Dismiss; (2) WSU Defendants' Motion to Dismiss; and (3) MDOC Defendants' Motion to Dismiss. MDOC and WSU are **DISMISSED WITH PREJUDICE**; Plaintiffs' amended complaint is otherwise **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs may seek leave to reopen this case to file a second amended complaint that complies with this Order within 21 days of entry of this Order. If Plaintiffs do refile, they must set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrates Plaintiffs' entitlement to relief against that Defendant.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Date: 9/4/2020